IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD E. BARTEL, et al., | : | CONSOLIDATED UNDER |
| (Administrators for Estate of | : | MDL 875 |
| Sanford L. Wade) | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FOSTER WHEELER COMPANY, | : | |
| et al., | : | |
| | : | E.D. Pa. Civil Action No. |
| Defendants. | : | 2:11-cv-31097-ER |

**O R D E R**

**AND NOW**, this **3rd** day of **November, 2015**, upon

consideration of the Motion for Summary Judgment (Judicial

Estoppel) of Thompson Hine Shipowner Defendants'[1] (ECF No. 32),

and for the reasons set forth in the accompanying memorandum, it

is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED**

**without prejudice in part**, as follows:

> (1)  The motion is **DENIED** as to the arguments related
>
>        to judicial estoppel; and
>
> (2)  The motion is **DENIED without prejudice** as to the
>
>        arguments related to the real party in
>
>        interest/standing.

---

[1]        These Defendants are: (1) American Steamship Company,
and (2) Interlake Steamship Company. (ECF No. 32-1.)

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

(1)   The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum and have said copy filed on the docket of Mr. Wade's bankruptcy case in the Bankruptcy Court for the Northern District of Ohio (No. 05-bk-52861-MSS); (b) ascertain the identity of the Chapter 7 trustee; and (c) have served upon that trustee a copy of said order and memorandum at his/her last known address;

(2)   The trustee will have sixty (60) days from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court to provide a signed letter to this Court (a) confirming that he/she has petitioned the Bankruptcy Court to reopen Mr. Wade's bankruptcy proceedings and (b) certifying his/her intention to be substituted as party-plaintiff in the instant case;

(3)   Once the trustee has petitioned the Bankruptcy Court to reopen the bankruptcy proceedings, and until a motion for substitution as party-plaintiff has been filed by the trustee, he/she

2

is to file a monthly status update with this
Court (by the last day of each month), (a)
informing the Court of the status of the petition
to reopen, and (b) certifying his/her continuing
intention to pursue the instant case;

(4)   If the bankruptcy proceedings are reopened, the
trustee will have thirty (30) days from the date
of the bankruptcy court's order reopening those
proceedings to move in the instant case to be
substituted as party-plaintiff;

(5)   In the event that the trustee (a) fails to advise
this Court within the sixty (60) day timeframe
that he/she has petitioned the Bankruptcy Court
to reopen Mr. Wade's bankruptcy proceedings and
intends to proceed with the instant claims, (b)
declines to petition for reopening of those
proceedings, (c) fails to provide a monthly
status update after having petitioned the
Bankruptcy Court, or (d) fails to move to be
substituted as party-plaintiff in the instant
case within thirty days of the Bankruptcy Court's
reopening of the bankruptcy case: the Court will

3

give Plaintiffs an additional thirty (30) days[2] to

provide this Court with notice that they intend

to petition the Bankruptcy Court for the Northern

District of Ohio to reopen the bankruptcy

proceedings and move in that court to compel

abandonment of the instant claims.


**AND IT IS SO ORDERED.**


**/s Eduardo Robreno**
**EDUARDO C. ROBRENO,    J.**

---

[2]       This would be ninety (90) days from the date the
memorandum and order are filed on the Bankruptcy Court's docket
(for events pursuant to 5(a) or 5(b)); or thirty (30) days from
the date of the pertinent failure pursuant to 5(c) or 5(d)).